UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                                    )  Chapter 7
                                                          )
    NELSON ENRIQUE ROJAS,               )  Case No. 17-71674-AST
                                                          )
        Debtor.               )
                                                          )

## DECISION AND ORDER DENYING MOTION TO AVOID JUDICIAL LIEN

Pending before the Court is a Motion to Avoid Lien filed by Nelson Enrique Rojas (the Debtor"), arising from a dispute between Debtor and his former spouse, Maria Delgado (Ms. Delgado"), over real property located at 136 Henry Street, Valley Stream, Nassau County, NY 11580 ("Henry Street").

### i.   Statement of Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(a) and (e), and 157(b)(2)(A), (K), and (O), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

### ii.  Background and Procedural History

On January 13, 2016, debtor filed a chapter 7 bankruptcy case, assigned number 16-70141-AST (the "First Bankruptcy"). In the First Bankruptcy, Debtor listed his address on the petition as 30 Carroll Avenue Valley Stream, NY 11580 ("Carrol Avenue"). However, later in the First Bankruptcy, Debtor claimed an exemption in Henry Street.

On February 18, 2016, the Chapter 7 Trustee in the First Case filed a Motion to Object to Homestead Exemption. (the "Homestead Objection").

On April 26, 2016, a hearing was held on the Homestead Objection and the objection was granted.

On April 27, 2016, this Court entered an order denying Debtor's homestead exemption claim in Henry Street.

On June 9, 2016, the First Bankruptcy was closed without a discharge.

On March 22, 2017, Debtor filed this his second Chapter 7 case.

On February 2, 2018, Debtor received a discharge in this case.

On June 5, 2018, the case was closed.

On April 19, 2021, Ms. Delgado filed a motion in the Nassau County Supreme Court, seeking a determination that Henry Street was not the Debtor's homestead.

By Decision and Order dated July 12, 2022, the Nassau County Supreme Court issued an order confirming that Henry Street was not the Debtor's homestead.

On July 27, 2022, the Nassau County Supreme Court entered a judgment in favor of Ms. Delgado against Debtor for $357,000 (the "Judgment"). Ms. Delgado caused the Judgment to be abstracted so as to create a lien against any property Debtor owned in Nassau County.

On September 21, 2022, Debtor filed a Motion to reopen this chapter 7 case and seeking entry of an order avoiding the Judicial Lien held by Ms. Delgado arising from the Judgment (dkt item 47) (the "Motion"). The Motion asserts that the Judicial Lien should be avoided pursuant to 11 U.S.C. §522(f) as it impairs the Debtor's homestead exemption in Henry Street.

On October 18, 2022, Ms. Delgado filed an opposition to the Motion (dkt item 49).

On October 21, 2022, Debtor filed a Reply in Support of Motion (dkt item 50).

On October 28, 2022, the Court inadvertently entered an order granting the Motion (the "Initial Order") (dkt item 52).

On November 14, 2022, the Court vacated the Initial Order (dkt item 58) and re-opened the case for the purpose of hearing the Debtor's request to avoid Ms. Delgado's judgment lien (dkt item 59).

The Parties then filed supplemental replies to the Motion (dkt items 61 and 62).

The Court heard oral arguments on April 18, 2023.

### iii. Discussion

Section 522(f) of the Bankruptcy Code allows a debtor to "avoid the fixing of a judicial lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f). "To facilitate the debtor's fresh start, Section 522 authorizes a consumer debtor to claim certain property as exempt, which 'removes the property from the bankruptcy estate, putting it beyond the reach of creditors.'" *In re Banfi*, No. 19-77029-AST, 2021 Bankr. LEXIS 1553, *6 (Bankr. E.D.N.Y June 9, 2021) (*quoting In re Johnson*, 2011 WL 7637217, at *2 (E.D. Mich. June 14, 2011)).

To state a claim for relief under Section 522(f), the debtor must establish four basic elements: (1) there must be an exemption to which the debtor would have been entitled under subsection (b) of this section; (2) the property must be listed on the debtor's schedules and claimed as exempt; (3) the lien must impair that exemption; and (4) the lien must be a judicial lien. *See In re Schneider*, No. 12-77005-AST, 2013 WL 5979756, at *6 (Bankr. E.D.N.Y. Nov. 8, 2013).

"In ruling on a 522(f) Motion, this Court must rely on the information provided by Debtors, who have the burden of proving 'by a preponderance of the evidence on every element of § 522(f).'" *See id.* at *7 (*quoting In re Armenakis*, 406 B.R. 589, 604 (Bankr. S.D.N.Y. 2009)). "Even in the absence of an objection by a judicial lien creditor, this Court cannot grant affirmative relief unless the debtors have established a *prima facie* basis for the relief sought." *See id.* at *3.

After a thorough review of all pleadings in the case and the First Case, and upon due and sufficient notice having been given, this Court has determined that Debtor failed to meet his burden of establishing a valid basis to void the lien held by Ms. Delgado. Specifically: (i) there is no evidence that Henry Street was the Debtor's residence when he filed for bankruptcy in 2017 and there is ample evidence to conclude that it was not; (ii) this Court determined in the First Case that Henry Street was not Debtor's residence; (iii) the state court determined on July 12, 2022 that Henry Street was not debtor's residence; and (iv) Debtor's effort to countermand the orders of this Court in the First Case and of the State Court smack of impermissible forum shopping. *See In re Briarpatch Film Corp.*, 281 B.R. 820, 830 (Bankr. S.D.N.Y. Aug. 14, 2002) (the Court found an impermissible attempt at forum shopping where Debtors filed merely to relitigate issues already determined in state court).

For these reasons, the Motion must be denied.

Based thereon, it is hereby

**ORDERED**, that the Debtor's Motion is denied; and it is further

**ORDERED**, that the bankruptcy case be re-closed.



Dated: April 3, 2024
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge